UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| IVAN J. WALTON, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S.A. GODINEZ, et al., )<br>)<br>)<br>Defendants. )<br>) | 13-CV-3308 |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Vienna Correctional Center, seeks leave to proceed pro se.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleged in his original complaint that he had been denied access to the law library and various legal materials and supplies during Plaintiff's incarceration at Graham Correctional Center.  Explaining that Plaintiff did not state a claim, the Court directed Plaintiff to file an amended complaint explaining how he was hindered in pursuing a nonfrivolous claim.  In re Maxy, 674 F.3d 658,  (7th Cir. 2012)( to state an access claim, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim.")

Plaintiff's amended complaint provides more detail but the allegations still do not state a plausible claim that Plaintiff's right to access the courts was violated.  Plaintiff alleges that he was prevented from accessing the library at Graham during his stay there in July and August 2013.  He also alleges that he was prevented from filing unspecified pleadings in two pending cases:  a federal criminal case regarding the revocation of his supervised release and a civil rights case in the Southern District.

Plaintiff's pending case in the Southern District is about the lack of a law library at Marion County Correctional Center.  <u>Walton v. Marion County Correctional Center</u>, 13-cv-743 (S.D. Ill.)  The Court takes judicial notice of the attached docket sheet in that case, which shows that Plaintiff filed pleadings throughout August, 2013, including a response to the pending summary judgment motion.  The Magistrate assigned to that case has recommended that summary judgment be granted to Defendants because Plaintiff was represented by an attorney in his criminal proceedings.  Objections to those recommendations are due December 20, 2013.

Plaintiff's allegations permit no plausible inference that he has been hindered in his ability to pursue a nonfrivolous claim in the Southern District.  Plaintiff filed pleadings in that case, as the docket sheet shows, and the case is still pending.  More importantly, even if Plaintiff were prevented from filing something in that case, Plaintiff was appointed an attorney in Plaintiff's state criminal proceedings, which satisfies Plaintiff's access to the court.  <u>U.S. v. Sykes</u>, 614 F.3d 303, 311 (7th Cir. 2010)("We have long interpreted [Supreme Court precedent] *Bounds* to give the government the choice to provide *either* access to a law library *or*

access to counsel or other appropriate legal assistance.")(emphasis added). Plaintiff has not identified a nonfrivolous claim in his Southern District case.

As to Plaintiff's federal criminal case for revocation of Plaintiff's parole, a bench warrant for Plaintiff has been lodged as a detainer in Plaintiff's federal criminal case until Plaintiff's state criminal proceedings have concluded. No further ruling has been made in Plaintiff's federal criminal case (docket sheet attached). Plaintiff cannot state a denial of access claim regarding the federal criminal proceeding because (1) nothing is happening in that case at this time; and (2) Plaintiff is already represented by a Federal Public Defender in that case.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile for the reasons set forth above. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1)** Record Plaintiff's strike in the three-strike log;

**2)** Assess an initial partial filing fee.

ENTERED:  December 18, 2013

FOR THE COURT:

<u>**s/Sue E. Myerscough**</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE